UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KRISTIE SILLS (FORMERLY          ]
KRISTIN LOHRUM),                 ]
          Plaintiff              ]    C.A. NO. 1:08-cv-10314-DPW
                                 ]
v.                               ]
                                 ]
WADDELL & REED, INC.,            ]
SCOTT STAPEL, AND STEVEN         ]
ANDERSON,                        ]
          Defendants             ]

## ANSWER OF DEFENDANT SCOTT STAPEL

### Introduction

The plaintiff, Kristie Sills, is hereinafter referred to as "Ms. Sills."  The defendant

Waddell & Reed, Inc. is hereinafter referred to as "W&R."   The defendant Scott Stapel,

is hereinafter referred to as "Mr. Stapel."  The defendant Steven Anderson is hereinafter

referred to as "Mr. Anderson."  The term "Insufficient Knowledge" as hereinafter used

shall mean without knowledge or information sufficient to form a belief as to the truth of

an averment and shall have the effect of a denial.  Mr. Stapel admits that Ms. Sills is a

former employee of W&R and brings this action alleging gender discrimination and

retaliation, but denies that the defendants discriminated or retaliated against Ms. Sills.

### Parties

1.    Mr. Stapel admits that Ms. Sills is an individual.  Insufficient Knowledge as

to the remaining allegations in paragraph 1.

2.    Mr. Stapel admits that W&R is a corporation organized under the laws of

Delaware, with its principal place of business in Overland Park, KS.  Mr. Stapel admits

that W&R is a registered broker dealer and registered investment advisor and provides financial planning and advice and products for its customers.  Mr. Stapel admits that W&R does business in Massachusetts.  Mr. Stapel denies the remaining allegations in paragraph 2.

3.     Admitted, except that Mr. Stapel resides in Auburn, New Hampshire.

4.     Admitted, except that Mr. Anderson resides in Kansas City, Missouri.

<u>Jurisdiction and Venue</u>

5.     Admitted.

6.     Admitted.

7.     Mr. Stapel admits that W&R has several offices in Massachusetts and conducts ongoing business here and that this court has personal jurisdiction over it.  Mr. Stapel also admits that he conducts business in Massachusetts.  Mr. Stapel denies the remaining allegations in paragraph 7.

8.     Admitted.

<u>Factual Allegations</u>

9.     Mr. Stapel admits that Ms. Sills began working with W&R in 1983 and that she was promoted to the position of Division Manager in January 1988.  Mr. Stapel admits that Ms. Sills was responsible for establishing and overseeing the Waltham office, but denies the remaining allegations in paragraph 9.

10.     Mr. Stapel denies that Ms. Sills typically supervised 16-25 financial advisors at a time, but admits that a portion of her income depended on the performance of financial advisors assigned to her division.  Mr. Stapel has insufficient knowledge as to what Ms. Sills means by the term "production numbers" but states that her performance

as a Division Manager was deficient in certain categories for many years.  Mr. Stapel

admits that Ms. Sills was awarded stock options, received other company- sponsored

awards, and achieved "honor level" in some years.  Mr. Stapel further admits that at the

end of 2006 the Waltham office ranked second in the North East Region for financial

planning fees collected and that Ms. Sills' top financial advisor, Curt Ridlon, was ranked

second in the country, but states that the performance of her office in Waltham was

highly dependent on the performance of Mr. Ridlon, who had relocated to New

Hampshire in 1989 and whose success was due little if at all to Ms. Sills' management or

support.  Mr. Stapel denies the remaining allegations in paragraph 10.

11.    Mr. Stapel admits that in October 2003 he became Ms. Sills' supervisor, and

that when he became her supervisor they had a good working relationship.  Mr. Stapel

admits that he met and spoke with Ms. Sills periodically to discuss the performance of the

Waltham office.  Insufficient Knowledge as to the remaining allegations in paragraph 11.

12.    Denied.

13.    Mr. Stapel admits that he heard of an incident that occurred at Ms. Sills'

office during the fall of 2005 in which someone printed out Christian-based anti-gay

marriage literature that landed on the desk of a female advisor, who was a lesbian.

Insufficient Knowledge as to the remaining allegations in paragraph 13.

14.    Insufficient Knowledge.

15.    Mr. Stapel admits that throughout 2005, he continued to meet with Ms. Sills.

Mr. Stapel has Insufficient Knowledge as to what Ms. Sills means by the term

"production numbers," but states that during this time period Ms. Sills' efforts and

commitment at work and her performance were not improving and that her numbers in

certain categories were not getting better and were still substandard.  Mr. Stapel denies

that his demeanor toward Ms. Sills became increasingly negative and hostile and that he

belittled Ms. Sills about her income or threatened to take Mr. Ridlon out of her division.

Mr. Stapel denies that Ms. Sills recruited or hired Mr. Ridlon, but admits that she

participated in his training.  Mr. Stapel admits, that because Mr. Ridlon was Ms. Sills'

strongest performer, removing him from her division would have reduced her

compensation by as much as thirty to fifty percent.

16.    Mr. Stapel admits that for a period of time he asked Ms. Sills to email him

when she arrived at the office and left the office, but denies that she was "singled out."

Mr. Stapel admits that W&R did not have a specific hour requirement for its Division

Managers, who are paid through commissions and other amounts and whose

compensation does not depend on the number of hours worked, but states that the

successful performance of the Division Manager job is not unrelated to the number of

hours worked.

17.    Mr. Stapel denies that he stopped his phone calls with Ms. Sills but has

Insufficient Knowledge as to the remaining allegations in the first sentence of paragraph

17.  Mr. Stapel admits that he and Ms. Sills met on March 1, 2006, but denies that there

was any conversation about the anti-gay literature incident at that time and therefore

denies the remaining allegations in this paragraph concerning such discussions.  Mr.

Stapel further denies that he believed that it was Ms. Sills who had originated the anti-gay

literature or that he ordered Ms. Sills to remove any religious artwork from her office.

Insufficient Knowledge as to the remaining allegations in paragraph 17.

18.    Mr. Stapel denies the first sentence of paragraph 18.  Mr. Stapel admits that W&R negotiated and signed a five year lease for upgraded office space for its Waltham office in the spring of 2006 and admits that Ms. Sills was sent to a management course in March 2006, but denies the remaining allegations in the second sentence of paragraph 18.

19.    Mr. Stapel admits that during the week of March 21, 2006 Ms. Sills attended an all managers meeting in Orlando, Florida, that Ms. Sills flew to Florida a day early, and that Ms. Sills paid the cost of the extra day.  Mr. Stapel denies that he singled her out and severely reprimanded her.  Insufficient Knowledge as to the remaining allegations in paragraph 19.

20.    Mr. Stapel denies that Ms. Sills was the only Division Manager asked to clock in and out and that she was unfairly singled out.  Mr. Stapel admits that Ms. Sills contacted Sara Kircher, a Vice President in the W&R's Human Resources Department, to speak about him.  Mr. Stapel denies the remaining allegations in paragraph 20.

21.    Mr. Stapel admits that his notes in the spring of 2006 were placed in Ms. Sills' personnel file.  Mr. Stapel denies the remaining allegations in paragraph 21.

22.    Mr. Stapel admits that Ms. Sills missed a managers meeting scheduled for April 13, 2006 and that he asked Ms. Sills for documentation about her trip.  Mr. Stapel denies that he was angry with Ms. Sills and has Insufficient Knowledge about the remaining allegations in paragraph 22.

23.    Mr. Stapel admits that on April 18, 2006, he met with Ms. Sills.  Mr. Stapel denies the remaining allegations in paragraph 23.

24.    Mr. Stapel admits that following the April 18, 2006 meeting, Ms. Sills sent him a list of what she considered her achievements and that told him that she would not

step down from her position.  Mr. Stapel admits that he interviewed the employees in the

Waltham office and asked Ms. Sills if she had prepared them for the interviews.  Mr.

Stapel has Insufficient Knowledge as to how Ms. Sills "felt" and denies the remaining

allegations in paragraph 24.

25.    Mr. Stapel admits that on November 10, 2006, he and Ms. Sills met to

discuss the 2007 business planning process.  He admits that subsequent to this meeting,

he asked Ms. Sills to step down as Division Manager and she refused.  Mr. Stapel admits

that when Ms. Sills finally submitted her business plan, he rejected it because it was

poorly done, and that after considerable revisions to the plan he accepted it.  Mr. Stapel

denies the remaining allegations in paragraph 25.

26.    Mr. Stapel denies that he entered the training meeting at 1PM and told Ms.

Sills "outside the meeting room" that she was no longer a Division Manager.  Mr. Stapel

has Insufficient Knowledge as to every attendee of the training meeting and when the

meeting ended.  Mr. Stapel admits the remaining allegations in paragraph 26.

27.    Mr. Stapel admits that W&R reassigned Mr. Ridlon and Mr. Guinta to Mr.

Besnoff and temporarily assigned Mr. Jurovaty to Mr. Besnoff.  Mr. Stapel denies that

Mr. Besnoff's "performance statistics" were below those of Ms. Sills.  Mr. Stapel admits

that Mr. Jurovaty was reassigned temporarily to the Manchester, NH office, that he

continued to receive overrides as a District Manager until around March 2007, and that

he qualified to attend a trip to Beijing, China.  Mr. Stapel denies the remaining

allegations in paragraph 27.

28.    Mr. Stapel admits that he told Ms. Sills that he would try to work with her

on a transition schedule that would enable her to receive her 2006 bonus.  Mr. Stapel

admits that Ms. Sills left the company about a week before Christmas.  Mr. Stapel denies

the remaining allegations in paragraph 28.

29.    Mr. Stapel denies that Ms. Sills was "forced to endure" any harassment or

retaliation from him.  Insufficient Knowledge as to the remaining allegations in

paragraph 29.

30.    Insufficient Knowledge.

### Count I - Gender Discrimination Claim Against All Defendants
### (Mass. Gen. Laws c. 151B)

31.    Mr. Stapel incorporates by reference his answers to paragraphs 1 through

30.

32.    Admitted.

33.    Admitted.

34.    Insufficient Knowledge.

35.    Denied.

36.    Denied.

37.    Denied.

### Count II - Gender Discrimination Claim Against Waddell & Reed, Inc.
### (42 U.S.C. § 2000e)

38.    Mr. Stapel incorporates by reference his answers to paragraphs 1 through

37.

39.    Admitted.

40.    Insufficient Knowledge.

41.    Denied.

42.    Denied.

43.    Denied.

Count III - Retaliation Claim Against All Defendants
(Mass. Gen. Laws c. 151B)

44.    Mr. Stapel incorporates by reference his answers to paragraphs 1 through 43.

45.    Denied.

46.    Denied.

47.    Denied.

Count IV - Retaliation Claim Against Waddell & Reed, Inc.
(42 U.S.C. § 2000e-3)

48.    Mr. Stapel incorporates by reference his answers to paragraphs 1 through 47.

49.    Denied.

50.    Denied.

51.    Denied.

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a claim.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of Ms. Sills' claims are barred in whole or in part by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of Ms. Sills' claims are barred by her failure to satisfy all administrative and statutory prerequisites.

## **FOURTH AFFIRMATIVE DEFENSE**

Ms. Sills failed to mitigate her damages.

## **FIFTH AFFIRMATIVE DEFENSE**

Ms. Sills unreasonably failed to avail herself of preventive or corrective

opportunities or procedures available to her within W&R to address her alleged work-

related problems.

## **SIXTH AFFIRMATIVE DEFENSE**

This court lacks jurisdiction over Mr. Stapel.

SCOTT STAPEL

By his attorneys,

/s/ Elizabeth A. Kowal

_____

Susan J. Baronoff, BBO #030200
sbaronoff@murthalaw.com
Elizabeth A. Kowal, BBO #646326
ekowal@murthalaw.com
Murtha Cullina LLP
99 High Street,  20th Floor
Boston, MA  02110
617-457-4000

DATED:  March 24, 2008

CERTIFICATE OF SERVICE

I, Elizabeth A. Kowal, hereby certify that I have this 24th day of March, 2008, electronically filed Defendant Scott Stapel's Answer with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David Rapaport, Esq.
drapaport@davismalm.com

Laurie Alexander-Krom, Esq.
lalexander-krom@davismalm.com
Davis, Malm & D'Agostine, P.C.
One Boston Place                                    /s/
Boston, MA 02108                                    _____
                                                    Elizabeth A. Kowal